**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**LEONARD DOTSON,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0657** (BOR Appeal No. 2052592)
　　　　　　　(Claim No. 2015008099)

**JR ACQUISITION, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

　　　　Petitioner Leonard Dotson, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. JR Acquisition, LLC, by H. Toney Stroud, its attorney, filed a timely response.

　　　　The issue on appeal is temporary total disability benefits for the covered condition of restrictive airway dysfunction syndrome. The claims administrator issued an Order on October 5, 2016, closing the claim for temporary total disability benefits because it had not received medical evidence showing that Mr. Dotson continued to be totally disabled. On February 2, 2018, the Workers' Compensation Office of Judges reversed the claims administrator's decision and entered a Final Decision to pay temporary total disability benefits from September 11, 2014, through December 1, 2014, and then from December 3, 2014, through April 10, 2015. This appeal arises from the Board of Review's Order dated June 29, 2018, in which the Board affirmed the decision of the Office of Judges.

　　　　The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

　　　　On September 9, 2014, Mr. Dotson, a miner, was overcome and he passed out due to exposure to an unknown chemical or other substance. He eventually was diagnosed with

1

restrictive airway dysfunction syndrome, which is a lung disease caused by exposure to an irritating vapor, fume or smoke. The disease causes an individual to develop asthma-like symptoms. After lengthy litigation, the claim was held compensable following a July 6, 2017, Order of this Court.

Mr. Dotson began treating with Lamia H. Ibrahim, M.D., a pulmonologist at Cleveland Clinic, following his injury. On November 18, 2014, Mr. Dotson presented for an evaluation with Dr. Ibrahim and expressed a desire to return to work. He had been off work since the incident. Dr. Ibrahim provided Mr. Dotson with a letter to return to work in December of 2014. However, Mr. Dotson was only able to work one day, which was December 2, 2014. Mr. Dotson could not work on December 3, 2014, because he felt smothered and experienced tightness in his chest. Once again, Mr. Dotson was temporarily and totally disabled from his employment.

On February 10, 2015, Dr. Ibrahim reported in an office note that Mr. Dotson's breathing was better since being off work and having the second attack. Dr. Ibrahim noted that Mr. Dotson still needed albuterol twice daily but usually preemptively before activity. Mr. Dotson was found to still be experiencing wheezing and exacerbations when his condition was triggered by strong scents and activity. Dr. Ibrahim prescribed additional medication and asked Mr. Dotson to follow-up with the pulmonary clinic in two months. In a letter dated February 18, 2015, Dr. Ibrahim indicated that Mr. Dotson had been disabled and unable to work at his place of employment from October 30, 2014, to the "present."

An Attending Physician Benefits Form was completed by Dr. Ibrahim on June 13, 2016. Dr. Ibrahim reported that Mr. Dotson's estimated period of disability was from November 18, 2014, to "lifetime." It was also indicated that he was at maximum medical improvement and ready for a permanent partial disability rating. In response to Dr. Ibrahim's request, the claims administrator issued a letter dated June 30, 2016, stating that it was determined that the Attending Physician Benefit's Form does not support payment of temporary total disability benefits because Dr. Ibrahim indicated that Mr. Dotson's condition is permanent in nature and not temporary.

In a letter dated August 16, 2016, Dr. Ibrahim stated that Mr. Dotson had been under her care since September 30, 2014. She stated that he was currently being treated with inhalers but he continued to experience exacerbations of his condition. Dr. Ibrahim stated, "due to the severity of Mr. Dotson's disease he is unable to work indefinitely." Dr. Ibrahim again completed an Attending Physician Benefit's Form on August 18, 2016, indicating that Mr. Dotson was at maximum medical improvement and ready for a permanent partial disability rating. Mr. Dotson's estimated period of temporary disability was listed as being from September 30, 2014, to August 16, 2016. Dr. Ibrahim also stated that Mr. Dotson was not able to return to work. Mr. Dotson, through his counsel, requested temporary total disability benefits for the dates specified by Dr. Ibrahim on September 22, 2016.

Dr. Ibrahim was deposed on October 24, 2017, and she testified about her medical treatment of Mr. Dotson. It was Dr. Ibrahim's opinion that when she completed the Attending Physician's Form that Mr. Dotson was temporarily and totally disabled from September 30,

2014, to August 16, 2016. Dr. Ibrahim stated that Mr. Dotson's response to medical treatment had plateaued. She stated that there was some initial improvement with medications, but over time Mr. Dotson started to experience a decline in his improvement. Dr. Ibrahim's recommendation was for Mr. Dotson to avoid working in mining coal because dust or irritants can cause an exacerbation of his condition. She further testified that Mr. Dotson needs continued medical care and a portable oxygen concentrator for supplemental oxygen. Although Dr. Ibrahim was not familiar with "maximum medical improvement" for use within workers' compensation, she indicated that she hoped that his condition would improve even further because he suffers from a disease that is reversible. Dr. Ibrahim stated, "[t]here will be times when his symptoms are worse and then there will be times when his symptoms are improved."

The Office of Judges found that the medical evidence establishes by a preponderance of the evidence that Mr. Dotson is entitled to payment of temporary total disability benefits from September 11, 2014, through December 1, 2014. Because Mr. Dotson attempted a failed return to work on December 2, 2014, he would be entitled to additional benefits from December 3, 2014, through April 10, 2015. The Office of Judges took judicial notice of an April 22, 2016, ruling holding the claim compensable for restrictive airway dysfunction syndrome and attributing his pulmonary symptoms after September 9, 2016, to that compensable condition. Although Mr. Dotson argued before the Office of Judges that he was entitled to temporary total disability benefits through August 16, 2016, the Office of Judges found that there was insufficient evidence to support Mr. Dotson's argument because no medical treatment records or specific medical findings were submitted for this period of time. Because there are no contemporaneous opinions in the medical record expressing Mr. Dotson's continued inability to work, the Office of Judges determined that he is not entitled to the payment of temporary total disability benefits from April 11, 2015, through August 16, 2016.

Accordingly, the Office of Judges issued a Final Decision dated February 2, 2018, reversing the claims administrator's closing of the claim for temporary total disability benefits and found that Mr. Dotson was entitled to benefits from September 11, 2014, through December 1, 2014, and then from December 3, 2014, through April 10, 2015. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the Order dated June 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. Although Mr. Dotson's period of total temporary disability can be established through April 10, 2015, there is no medical evidence to establish that he was temporarily and totally disabled through August 16, 2016. The Office of Judges properly found that there are no medical treatment records on file in this case between Dr. Ibrahim's examination of February 10, 2015, and August 2016. Mr. Dotson has not shown by a preponderance of the evidence that he is entitled to the payment of temporary total disability benefits from April 11, 2015, through August 16, 2016.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman